**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| TALON INDUSTRIES, LLC, | Civil Action No.: 15-4103 (CCC-MF) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| ROLLED METAL PRODUCTS, INC., | |
| Defendant. | |

**CECCHI, District Judge.**

**THIS MATTER** comes before the Court on the motion of Defendant Rolled Metal Products, Inc. ("Defendant") to dismiss the Complaint of Plaintiff Talon Industries, LLC, doing business as Progressive Ruesch Machine, Co., LLC ("Plaintiff"), pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 9. Plaintiff opposes the motion. ECF No. 10. No oral argument was heard pursuant to Federal Rule of Civil Procedure 78. It appearing that:

1. The Complaint asserts various claims arising out of a March 25, 2005 contract between the parties. Complaint ("Compl."), ECF No. 1 ¶¶ 8-9. According to Plaintiff, under the contract, Defendant would pay Plaintiff $1.5 million in exchange for Plaintiff designing, building, supplying, and installing a complete slitting/traverse winding line (the "Winding Line") that included six stations with space for an additional six stations that may be added at a later time. Id. Plaintiff alleges the design, construction, and installation of the Winding Line is confidential and, therefore, the contract was subject to certain terms and conditions. Id. ¶¶ 10.

2. Plaintiff claims it built and installed the Winding Line pursuant to the contract in or

1

around May 2006. Id. ¶ 14. Thereafter, in 2014, Plaintiff learned Defendant installed at least six additional winders to the Winding Line. Id. ¶ 16. Plaintiff alleges Defendant, acting in concert with Plaintiff's former employees and consultants, utilized Plaintiff's confidential information in connection with the installation of the additional winders. Id. ¶ 17. On or around March 4, 2015, Plaintiff demanded Defendant cease using Plaintiff's confidential information or compensate Plaintiff. Id. ¶ 20. Defendant denied using Plaintiff's confidential information. Id. ¶¶ 21-23. This action followed.

3. The Complaint asserts five causes of action: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) unjust enrichment; (4) unfair competition; and (5) violation of New Jersey Trade Secrets Act ("NJTSA"). ECF No. 1. On September 4, 2015, Defendant moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 9. Defendant argues Plaintiff's breach of contract, unfair competition, and breach of the covenant of good faith and fair dealing claims fail to state a claim because they are time-barred. Defendant argues Plaintiff's breach of the covenant of good faith and fair dealing and unjust enrichment claims fail because they are based on the same events underlying the breach of contract claim. Defendant argues Plaintiff's claim for violation of NJTSA fails because the alleged violation took place before the NJTSA was enacted and the NJTSA does not apply retroactively.

4. To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences

in favor of the non-moving party. See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). Nevertheless, "[a] pleading that offers mere 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citations omitted).

5. Defendant's claims based on the statute of limitations claims and the application of the NJTSA are not subject to dismissal at this stage of the proceedings. Defendant argues the conduct giving rise to all of Plaintiff's claims (i.e., the installation of at least six additional winders) was complete by November 30, 2008. Thus, Defendant claims Plaintiff's breach of contract, breach of the covenant of good faith and fair dealing, and unfair competition claims are untimely under the applicable statute of limitations. Defendant also argues because the conduct occurred in 2008, the NJTSA, which was enacted on January 5, 2012 and does not apply retroactively, does not apply. Plaintiff, however, alleges it discovered Defendant's wrongful conduct in 2014. At this early stage of the litigation, the facts alleged by Plaintiff are sufficient to satisfy the pleading requirements. Discovery is required before the Court can determine whether Plaintiff's claims are time-barred.

6. Defendant's claims based on duplicative pleading similarly fail. Defendant argues Plaintiff's breach of the covenant of good faith and fair dealing claim fails because it arises from the parties' express contract and is based on the same underlying conduct as the breach of contract claim. The covenant of good faith and fair dealing requires that neither party to a contract "shall do anything [that] will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." Seidenberg v.

Summit Bank, 791 A.2d 1068, 1074 (N.J. Super. Ct. App. Div. 2002). Courts in this district have permitted claims for both breach of contract and breach of the implied covenant of good faith and fair dealing to proceed. See, e.g., Automated Salvage Transp., Inc. v. NV Koninklijke KNP BT, 106 F. Supp. 2d 606, 621 (D.N.J. 1999) ("[T]he covenant may be breached even if the defendant's acts '[do] not literally violate' the agreement in issue, if a party to the contract engages in some behavior 'not contemplated by the spirit of the contract.'" (internal citation omitted)). Thus, at this stage of the litigation, Plaintiff may proceed with its breach of the covenant of good faith and fair dealing claim.

7. Defendant also argues Plaintiff's unjust enrichment claim fails because it is based on the same underlying conduct as Plaintiff's breach of contract claim. Since unjust enrichment is "not an independent theory of liability, but is the basis for a claim of quasi-contractual liability," a plaintiff may not recover on both a breach of contract claim and an unjust enrichment claim. Goldsmith v. Camden Cnty. Surrogate's Office, 975 A.2d 459, 463 (N.J. Super. Ct. App. Div. 2009). A plaintiff, however, may plead alternative and inconsistent legal causes of action arising out of the same facts. See Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternatively.... If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient."); Fed. R. Civ. P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency."). Thus, at this early stage of the litigation, Plaintiff may plead alternative legal theories. Because Defendant has not met its burden of demonstrating Plaintiff has no plausible claims, a motion to dismiss cannot be granted. Accordingly,

IT IS on this 12 day of April, 2016,

**ORDERED** that Defendant's Motion to Dismiss, ECF No. 9, is hereby **DENIED**.

**SO ORDERED.**

_____

**CLAIRE C. CECCHI, U.S.D.J.**